Filed 12/16/20  P. v. Nevarez CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B304837 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA150215) |
| v. | |
| CAMILO ILARIO NEVAREZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael A. Cowell, Judge.  Affirmed.

Susan L. Ferguson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

We review this appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

On April 10, 2019, Camilo Ilario Nevarez was charged with one count of multiple identifying information theft in violation of Penal Code section 530.5, subdivision (c)(3), and one count of possession of a smoking device in violation of Health and Safety Code section 11364. It was further alleged Nevarez had suffered several prior convictions for which a prison term was served as described in Penal Code section 667.5.[1]

On August 13, 2019, Nevarez completed a felony advisement of rights, waiver, and plea form in which he indicated he intended to plead no contest to information theft. In exchange for his plea, the People agreed to dismiss the remaining count and allegations. Nevarez agreed to be placed on probation for three years and to enter a one-year residential drug treatment program at the Salvation Army as a condition of probation.

On August 13, 2019, Nevarez entered a no contest plea and was so sentenced. On September 20, 2019, the court was advised defendant had not entered the drug treatment program or any other program and had failed to report thereafter to probation. The court preliminarily revoked defendant's probation and issued a warrant for his arrest.

On February 11, 2020, Nevarez appeared with counsel in court. At Nevarez's request, the court gave an indicated sentence of two years. Nevarez accepted the court's indicated sentence, orally waived his rights, and admitted violating probation. The court found Nevarez in violation of probation and sentenced him

---

[1] All further undesignated statutory references are to the Penal Code.

to the midterm of two years in the county jail with total custody credits of 251 days.

On February 11, 2020, the court granted Nevarez a certificate of probable cause.

On May 18, 2020, we appointed counsel to represent Nevarez on appeal. After examining the record, counsel filed an opening brief raising no issues and asking this court to review the record independently as required by *People v. Wende*. On October 19, 2020, counsel sent a letter to Nevarez at an address on Levelside Avenue in Lakewood, California informing him of his right to file a supplemental brief. On October 19, 2020, we advised Nevarez he had 30 days within which to personally submit any contentions or issues he wished us to consider. To date, we have received no response.

We have examined the entire record and are satisfied that Nevarez's counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

### DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, J.

We concur:

BIGELOW, P. J.        WILEY, J.

3